## Alfred S. Greiner, Appellee, v. Pennsylvania Company, Appellant.

### Gen. No. 21,278.    (Not to be reported in full.)

Appeal to the Circuit Court of Cook county; the Hon. HARRY C. MORAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Reversed with finding of fact. Opinion filed March 9, 1916. Rehearing denied March 21, 1916.

### Statement of the Case.

Action by Alfred S. Greiner, plaintiff, against the Pennsylvania Company, defendant, on a claim for damages to plaintiff's automobile resulting from a collision with defendant's train at a public crossing in Indiana. From a judgment for $900 in favor of plaintiff, defendant appeals.

Plaintiff charged negligence generally in operating the train, and specifically in disregarding his signal of danger and in maintaining a crossing of inadequate width.

Plaintiff at night was unable to move his automobile from defendant's tracks and detaching the tail light therefrom, which gave a dim red light, he ran westward along defendant's tracks towards the train which approached from the west at an estimated speed of from 50 to 60 miles an hour. The distance he had run when he waved the lamp at the train was disputed. The engineer, who could stop his train within about 1,000 feet, applied his emergency brakes and stopped the train with its rear end at a point estimated at from 50 to 250 feet beyond the crossing where it had struck plaintiff's automobile.

About 400 feet west of the crossing was a semaphore showing a white signal for a clear way, and pursuant to the company's rules the engine crew called the signal "white" to each other when they saw it. About

800 or 900 feet west of the crossing was a whistling post where the whistle was given for the crossing. Both the engineer and fireman testified that they did not see plaintiff until just before he stepped from in front of the train, which plaintiff said was when it was 30 feet away; that they were then about 500 or 600 feet from the crossing. Plaintiff estimated the distance at 1,200 feet, and one of his witnesses judged it was "in the neighborhood of 1,000 feet or a quarter of a mile," and the other at "about a quarter of a mile" but admitted that he "did not see how anybody could judge the distance at night to an accurate point."

LOESCH, SCOFIELD & LOESCH, for appellant.

FREDERIC R. DE YOUNG and WILEY W. MILLS, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. AUTOMOBILES AND GARAGES, § 3*—*when evidence of driver of automobile insufficient to establish distance from automobile to point where train was signaled.* In an action for damages for injury caused by defendant's train to plaintiff's automobile, where plaintiff alleges that defendant disregarded his stop signal and the burden rested upon him of fixing the distance he had advanced along defendant's tracks when he gave such stop signal, and his estimate was formed under circumstances of excitement and concern, in the nighttime, with no fixed objects at definite distances for comparison, and this estimate was contradicted by equally credible evidence given by persons shown to be more familiar with the location and whose daily occupation required them to exercise knowledge of distances, *held* that plaintiff's estimate did not afford a sound basis upon which to base a verdict.

2. AUTOMOBILES AND GARAGES, § 3*—*when evidence insufficient to establish negligence in failing to stop train so as to prevent collision with automobile.* In an action for damages for injury to

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

plaintiff's automobile caused by defendant's train at a crossing, where it appeared that the train could be stopped at a distance of about 1,000 feet; that it was dark at time of the accident; that the speed of the train was about a mile a minute; that the railroad signal in the vicinity was set for a clear way; that plaintiff's lamp with which he endeavored to signal gave dim light which might have been passed unobserved while defendant's servants were watching for block signals; that distances in question are mere estimates, a slight variation from which would change the entire ground for a charge of negligence, provided brakes were promptly applied, *held* that a finding of negligence of defendant was contrary to the weight of the evidence.

---

**J. R. Newport and Earl L. Cook, trading as J. R. Newport Lumber Company, Appellees, v. John J. McPherson and Ralph T. McPherson, trading as McPherson Brothers, and J. O. Nessen Lumber Company (Garnishee), Appellants.**

**Gen. No. 21,296.**

1. APPEAL AND ERROR, § 1343*—*when it will be presumed that shortest time allowed by statute to file appeal bond was given.* Where no time is specified within which to file an appeal bond, it is assumed that the time given was twenty days, the shortest time allowed by the statute.

2. APPEAL AND ERROR, § 671*—*when basis for order nunc pro tunc allowing filing of appeal bond does not exist.* Where on February 16th, twenty-nine days after allowing the appeal, the court on motion of defendant entered an order *nunc pro tunc* allowing forty days from January 18th in which to file the bond, and the order does not appear to have been made to supply any omission from the record, where the court does not on such later date actually make an order of that character that the clerk omits to enter, there is no basis for an order *nunc pro tunc.*

3. APPEAL AND ERROR, § 723*—*when record must show authority to enter order nunc pro tunc allowing filing of appeal bond.* Facts supporting authority to enter an order *nunc pro tunc,* allowing the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.